IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY J. BENDON, | § |
| Plaintiff, | § |
| | § |
| v. | § NO. 3:04-CV-1420-M |
| | § |
| JO ANNE BARNHART, | § |
| COMMISSIONER OF SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. §636(b) and the District Court's Order of Reference dated November 19, 2004, came on to be considered Plaintiff Timothy J. Bendon's action brought under 42 U.S.C. §405 (g) seeking judicial review of the Defendant's denial of Plaintiff's application for Supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §1381a.

Procedural History: On June 10, 2002 Bendon filed an application for Social Security benefits. (Administrative Record "Tr." at 55). He alleged disability due to narcolepsy, bronchiectasis, chronic renal failure, and "Learning Disability Processing Problem." (*Id.* at 63). At the time of the administrative hearing, Plaintiff also claimed to be disabled because of kidney failure, focal segmental glomerulosclerosis, and high blood pressure. (*Id.* at 13).

An Administrative Law Judge ("ALJ") conducted a hearing on July 29, 2003. (Tr. at 388). On October 31, 2003, the ALJ denied Plaintiff's request for disability benefits. (*Id.* at 9). In pertinent part, the ALJ found that Plaintiff had the severe impairments of chronic renal failure, narcolepsy, a reading disorder, and borderline intellectual functioning. (*Id.* at 17 ¶ 2). The ALJ

1

found that Plaintiff could perform "the nonexertional requirements of work activity, limited by the need to perform unskilled work in a clean environment devoid of noxious fumes, gases, inhalants and dust" and to jobs that did not involve work at unprotected heights or around dangerous machinery. (*Id.* at 17-18 ¶ 5).[1]

Bendon timely requested review of the ALJ's decision by the Appeals Council, and on April 27, 2004 the Appeals Council denied his request. (Tr. at 8). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

Plaintiff filed his complaint on June 30, 2004 and his opening brief on March 31, 2005. Respondent filed her brief on May 27, 2005. Bendon filed his reply on July 15, 2005.

Standard of Review – Social Security: In a Social Security Case, the scope of judicial review is limited to a determination of whether the ALJ's decision to deny benefits is (1) supported by substantial evidence and (2) whether the proper legal standard was applied. *E.g., Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

Substantial evidence means more than a scintilla, but less than preponderance. *E.g., Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *E.g., Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)(citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971)).

In determining whether substantial evidence exists, the court does not reweigh the evidence, retry the issues, or substitute its own judgment. *E.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). The Commissioner's decision is granted great deference. *Leggett v. Chater*,

---

[1] Since Bendon had never had a job, the ALJ resorted to the fifth step in the five-step sequential inquiry finding that the Plaintiff had the residual functional capacity to engage in substantial gainful activity. (*Id.* at 17-18 ¶¶ 1 and 2).

2

67 F.3d 558, 564 (5th Cir. 1995). Conflicts in evidence are resolved by the Commissioner, not the courts. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir 1995). Accordingly, the absence of substantial evidence will be found only when there is a "conspicuous absence of creditable choices" or "no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Findings of fact which are supported by substantial evidence are conclusive. *Martinez*, 64 F.3d at 173.

Discussion: To prevail on a claim for disability benefits, a claimant must establish physical and/or mental impairment(s) lasting at least twelve months that prevent him from engaging in any substantial gainful activity. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985)(citing 42 U.S.C. §§ 416(i)(1), 423 (d)(1)(A)). In determining whether a claimant can engage in substantial gainful activity, the Commissioner uses a five-step sequential inquiry. *E.g., Martinez,* 64 F.3d at 173-74. Under the first four steps, a claimant has the burden of proving disability, but under the fifth step, i.e. when a claimant is unable to perform his previous work, the burden shifts to the Commissioner to prove that there is other substantial gainful activity which he can perform. *E.g., Bowen v. Yuckert*, 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan,* 887 F.2d 630, 632-33 (5th Cir. 1989). As noted above, the ALJ decided Bendon's claim at Step 5. *See* note 1, *supra*.

In his brief Bendon contends that there is no substantial evidence to support the ALJ's determination that he did not suffer from an impairment meeting Listing 12.05 at Step 3 of the sequential inquiry and that the ALJ's finding that he suffers from a "severe" mental impairment prevented the ALJ from relying on the Medical-Vocational Guidelines ("Grid Rules") in addressing Step 5 of the sequential inquiry.

With a few exceptions noted in Plaintiff's brief, the ALJ's decision accurately

3

summarized the evidence considered in deciding the claim for benefits. (Tr. 13-15). Therefore, because the exceptions are not material to the recommended disposition, the magistrate judge does not reiterate the evidence presented. Additionally because I am of the opinion that it was error for the ALJ to rely on the Grid Rules, this case must be remanded to the Commissioner for further proceedings for the reasons stated hereinafter. Accordingly it is unnecessary to address Bendon's claim that the ALJ's decision that his mental impairment did not meet Listing 12.05C (20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 12.05C) was not supported by substantial evidence.[2]

In his decision the ALJ found that determination of the claim "must be made in light of the Medical-Vocational Guidelines ..." (Tr. 17 ¶ 3; *see also* 18, finding 9). The ALJ further found that the medical evidence established that the impairments alleged by Bendon constituted severe impairments although none separately or in combination met or equaled any C.F.R. listing. (*Id.* at 17, finding 2; *see also id.* at 15 ¶ 4).

In arguing that the ALJ could not rely on the Medical-Vocational Guidelines, Plaintiff cites the Fifth Circuit's unpublished opinion in *Hearne v. Barnhart*, 111 Fed. Appx. 256 (5th Cir. Sept. 30, 2004). As in the present case the ALJ in *Hearne* found that the claimant's nonexertional impairment (depression) in conjunction with her physical impairments constituted a "severe" impairment at Step 2 of the sequential inquiry. The court relied on the opinion in *Loza v. Apfel*, 219 F.3d 378, 391, 398-99 (5th Cir. 2000), and held reliance solely on the Grid Rules at Step 5 to be inappropriate.

In *Loza*, an ALJ had found that the "claimant [was] at most, slightly restricted by his mental impairment." 219 F.3d at 392. The court proceeded to find that this determination was

---

[2]Upon remand the Commissioner may reevaluate Bendon's mental impairments and/or obtain further medical expert assessments of such impairments.

4

not supported by substantial evidence. *Id.* at 398. After making the determination that the ALJ's decision could not stand, the court concluded by observing "if it should be determined on remand that the claimant's mental impairments were not merely a slight abnormality of minimal effect on ability to do work, the ALJ's reliance on the Grid Rules at the fifth level [would constitute] error." *Id.* at 399 (case citations omitted).

Defendant argues that the ALJ's reliance on the Grid Rules was not improper, citing *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). However, as distinguished from the "severe" finding in the present case and that found in the *Hearne* case[3] the ALJ in *Fraga* found "that the medical evidence failed to demonstrate that [he] suffered pain of such severity and duration to prevent him from engaging in all substantial activity." *Id.* at 1300-01.

Having found that Bendon had significant severe impairments which "[had] more than a minimal effect on [his] ability to perform basic work related activities," the ALJ was precluded from relying on the Grid Rules in determining Plaintiff's claim at Step 5.

---

[3] Aside from the specific impairment at issue, the ALJ's finding in *Newton v. Apfel*, 209 F.3d 448, 454 (5th Cir. 2000), is identical to the ALJ's findings in this case and in *Hearne*.

RECOMMENDATION:

For the foregoing reasons it is recommended that Plaintiff's claim be remanded to the Commissioner for further proceedings in light of the preceding findings.

A copy of this recommendation shall be sent to counsel for both parties.

SIGNED this 5th day of August, 2005

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.